UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND J. RAYMOND,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.
_____/

No. C 09-04515 PJH

**ORDER OF DISMISSAL**

Pro se plaintiff Raymond J. Raymond filed this action on September 24, 2009, against defendants City and County of San Francisco, Department 14 of the Superior Court of California in San Francisco, and Donald T. Bergerson. Also on September 24, 2009, plaintiff filed a request for leave to proceed in forma pauperis ("IFP"). Because the court finds that the complaint fails to state a claim, the complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e).

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915( e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984 ).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail

to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

The court finds that the complaint must be dismissed for failure to state a claim and/or for lack of subject matter jurisdiction. The complaint is incomprehensible. It alleges no facts, and asserts not a single cause of action. It also refers to exhibits which are not attached. Moreover, the court is unable to discern any basis for federal jurisdiction. The complaint does not allege violation of any federal statute, and pleads no facts establishing diversity jurisdiction.

Further, to the extent that plaintiff intends to challenge a ruling of the San Francisco Superior Court, plaintiff should be advised that where a plaintiff requests relief that would require a federal court to supervise ongoing state judicial proceedings, federal courts generally refrain from issuing injunctions as a matter of comity. See Pulliam v. Allen, 466 U.S. 522, 539 (1984); Younger v. Harris, 401 U.S. 37, 46 (1971).

The court will grant leave to amend. Any amended complaint must be filed no later than November 20, 2009.

**IT IS SO ORDERED.**

Dated: October 19, 2009

PHYLLIS J. HAMILTON
United States District Judge