**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

7    RAYMOND J. RAYMOND,

8            Plaintiff,                    No. C 09-04515 PJH

9        v.                                **ORDER OF DISMISSAL**

10   CITY AND COUNTY OF SAN
     FRANCISCO, et al.,
11
             Defendants.
12   _____/

13       Pro se plaintiff Raymond J. Raymond filed this action on September 24, 2009,

14   against defendants City and County of San Francisco, Department 14 of the Superior Court

15   of California in San Francisco, and Donald T. Bergerson.  Also on September 24, 2009,

16   plaintiff filed a request for leave to proceed in forma pauperis ("IFP").  Because the court

17   finds that the complaint fails to state a claim, the complaint is hereby dismissed pursuant to

18   28 U.S.C. § 1915(e).

19       The court may authorize a plaintiff to file an action in federal court without

20   prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is

21   unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  When a complaint

22   is filed IFP, it must be dismissed prior to service of process if it is frivolous or malicious,

23   fails to state a claim, or seeks monetary damages from defendants who are immune from

24   suit.  28 U.S.C. § 1915( e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th

25   Cir. 1984 ).

26       A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact

27   or in law.  Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989).  A complaint lacks an

28   arguable basis in law only if controlling authority requires a finding that the facts alleged fail

1   to establish an arguable legal claim.  Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

2         When a complaint is dismissed under § 1915(e), the plaintiff should be given leave

3   to amend the complaint with directions as to curing its deficiencies, unless it is clear from

4   the face of the complaint that the deficiencies could not be cured by amendment.  Cato v.

5   United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

6         The court finds that the complaint must be dismissed for failure to state a claim

7   and/or for lack of subject matter jurisdiction.  The complaint is incomprehensible.  It alleges

8   no facts, and asserts not a single cause of action.  It also refers to exhibits which are not

9   attached.  Moreover, the court is unable to discern any basis for federal jurisdiction.  The

10  complaint does not allege violation of any federal statute, and pleads no facts establishing

11  diversity jurisdiction.

12        Further, to the extent that plaintiff intends to challenge a ruling of the San Francisco

13  Superior Court, plaintiff should be advised that where a plaintiff requests relief that would

14  require a federal court to supervise ongoing state judicial proceedings, federal courts

15  generally refrain from issuing injunctions as a matter of comity.  See Pulliam v. Allen, 466

16  U.S. 522, 539 (1984); Younger v. Harris, 401 U.S. 37, 46 (1971).

17        The court will grant leave to amend.  Any amended complaint must be filed no later

18  than November 20, 2009.

19

20  **IT IS SO ORDERED.**

21  Dated:  October 19, 2009

22                                                   _____
                                                     PHYLLIS J. HAMILTON
23                                                   United States District Judge

24

25

26

27

28

2

United States District Court
For the Northern District of California