UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND J. RAYMOND,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant, et al.,
_____/

No. C 09-4515 PJH

**ORDER**

Plaintiff Raymond J. Raymond filed this action on September 24, 2009, against defendants City and County of San Francisco ("CCSF"); Department 14 of the Superior Court of California, County of San Francisco; and Donald T. Bergerson. Also on September 24, 2009, plaintiff filed a request to proceed in forma pauperis ("IFP").

On October 19, 2009, the court issued an order dismissing the complaint pursuant to 28 U.S.C. § 1915(e), for failure to state a claim. On November 23, 2009, plaintiff filed a first amended complaint ("FAC"), also against CCSF, Department 14 of the San Francisco Superior Court, and Donald T. Bergerson. On March 5, 2010, the court issued an order dismissing the FAC pursuant to 28 U.S.C. § 1915(e), again for failure to state a claim. In both the October 19, 2009 and March 5, 2010 orders, the court provided plaintiff with an explanation of the deficiencies of the respective complaints.

On April 16, 2010, plaintiff filed a second amended complaint ("SAC"). In the SAC, plaintiff asserts that defendants violated his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Named as defendants are CCSF; the San Francisco Police Department; the Chief of Police of the San Francisco Police Department; San Francisco Police Officers Lory Dutra, Lorain Lombardo, Keith (Star 2222), and

Giancomo, and Captain Goldberg; "the officers of CAD report 090 723 776;" Parole Officer William "Bill" Hazelton; San Francisco District Attorney Kamala Harris; San Francisco Superior Court Judge Lorretta Giorgi; and attorney Donald T. Bergerson.

The court has reviewed the SAC, and finds that it must be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim. Plaintiff alleges five causes of action – a claim of unreasonable search and seizure, in violation of the Fourth Amendment, and four claims of due process violations.

In the first cause of action, plaintiff alleges unlawful search and seizure based on an incident on April 24, 2008, involving several police officers, only one of whom is named (a Sgt. Galande). The allegations are not clear, but it appears that plaintiff is asserting that he was arrested without probable cause. However, much of the first cause of action seems to involve plaintiff's claim that he has been unable to obtain records from the police concerning the arrest.

In the second cause of action, plaintiff alleges a procedural due process violation, based on the preparation by Sgt. Galande of a "false police report" (report 080 370 243) and the preparation by Officer Keith (star 2222) of a second false or misleading police report (report 090 243 044). However, plaintiff does not explain (in any coherent fashion) how or in what manner the police reports were false, or how the preparation of the allegedly false police reports violated his constitutional rights.

In the third cause of action, plaintiff alleges due process violations based on the conduct of judicial proceedings by Judge Loretta Giorgi of the San Francisco Superior Court. The court finds that this cause of action must be dismissed, either for failure to state a claim or for lack of subject matter jurisdiction.

To the extent that plaintiff is seeking damages, this claim (and any claim against a Superior Court Judge based on the conduct of judicial proceedings) is barred, because a state court judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).

To the extent that plaintiff seeks injunctive relief in the form of an order requiring the federal court to supervise ongoing state judicial proceedings, the court will refrain from issuing any such injunction as a matter of comity. See Pulliam v. Allen, 466 U.S. 522, 539 (1984); Younger v. Harris, 401 U.S. 37, 46 (1971).

To the extent that plaintiff is seeking what amounts to an appeal of an order issued by Judge Giorgi, the claim is barred. A federal district court is prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment. Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). A federal district court may not examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir. 2003); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006).

In the fourth cause of action, plaintiff asserts that his due process rights were violated by officers at Mission Police Station, when they refused to provide him with copies of police reports. Again, as with the claim in the second cause of action that certain police officers prepared false police reports, plaintiff has not alleged any facts showing how this alleged failure to provide him with copies of police reports violated his constitutional rights.

In the fifth cause of action, plaintiff asserts that defendant Donald T. Bergerson, who apparently represented plaintiff in a criminal trial, violated plaintiff's due process rights by "using barratry to enable felonies" and by withholding information, either from plaintiff or from Judge Giorgi. To state a claim under § 1983, a plaintiff must allege two essential elements – that a right secured by the Constitution or laws of the United States was violated, and that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

Here, plaintiff's allegations against attorney Donald Bergerson must be dismissed because claims of legal malpractice do not come within the jurisdiction of the federal courts.

Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981).  Moreover, services performed by an attorney in connection with a lawsuit do not constitute action under color of state law. See id.; see also Tower v. Glover, 467 U.S. 914, 919-20 (1984) (public defenders acting as attorneys for criminal defendants do not act under color of state law, an essential element of an action under § 1983); Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private, not state, actors).

In accordance with the foregoing, the claims asserted against Judge Giorgi and Donald Bergerson (and the third and fifth causes of action) are dismissed with prejudice. As for the first, second, and fourth causes of action, the court will grant plaintiff one additional opportunity to amend the complaint.

The third amended complaint may not add new causes of action or additional defendants without leave of court.  The remaining claims must clarify what specific actions, taken by which specific individuals, are alleged to have violated plaintiff's constitutional rights.  In addition, to the extent that plaintiff is attempting to allege a claim of municipal liability against CCSF, the third amended complaint must allege facts showing that the alleged constitutional violations were caused by an official policy or practice of CCSF.

In addition, all references to plaintiff's prior state court action against the California Division of Labor Standards Enforcement (DLSE) (San Francisco Superior Court case No. CPF-07-507715) shall be omitted from the third amended complaint, as those claims are either time-barred, or were resolved in the state court action.

The third amended complaint shall be filed no later than June 14, 2010.

**IT IS SO ORDERED.**

Dated: May 11, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge